# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IRSIK & DOLL FEED SERVICES, INC.

*Plaintiff,*

v.

Case No. 6:16-1018-EFM-GEB

ROBERTS ENTERPRISES
INVESTMENTS, INC.; MARVIN
ROBERTS; and SANDRA ROBERTS

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Irsik & Doll Feed Services, Inc. ("Irsik & Doll") seeks to recover against Defendants Roberts Enterprises Investments, Inc. ("REI"), Marvin Roberts, and Sandra Roberts for indebtedness on 27 promissory notes. Irsik & Doll also seeks an order securing its right to the cattle and related assets specified as collateral in 27 security agreements that accompanied the promissory notes. Irsik & Doll filed suit in Gray County, Kansas, and Defendants removed the case to this Court on the basis of diversity jurisdiction. Irsik & Doll filed a Motion to Remand (Doc. 11), which is now before the Court. Irsik & Doll argues that removal was improper because it is contrary to a mandatory forum-selection clause in each of the 27 security

agreements. For the reasons discussed below, the Court agrees, and grants Irsik & Doll's Motion to Remand.

## I.     Factual and Procedural Background

Irsik & Doll is a Kansas corporation that owns feed yards in several Kansas counties. REI is an Arizona corporation that worked with cattle on those feed yards. Marvin Roberts and Sandra Roberts are both residents of Arizona.

Between December 2014 and August 2015, Irsik & Doll provided 27 loans to REI for the purpose of financing cattle on feed at six feed yards owned by Irsik & Doll. These six feed yards were located in four Kansas counties. They include two feed yards in Gray County, two feed yards in Finney County, and one feed yard each in Scott County and Stevens County. Each of the 27 loans was secured by a promissory note and a security agreement. Each promissory note was executed on or about the same date as its accompanying security agreement. Each promissory note mentions its related security agreement multiple times. The relevant text of each promissory note is as follows, with references to the related security agreement in bold:

> On or before [date here], I (We) promise to pay Irsik & Doll Feed Services, Inc. ("Lender") with offices in Cimarron, Gray County, KS, the principal amount together with interest accrued, on or before the maturity date, as set forth above. **This note is secured by a Security Agreement**, together with all other collateral heretofore and hereafter given to "Lender".

> The expressed purpose of this note is to finance cattle on feed at commercial feed yards operated by Irsik & Doll Group. . . .

> It is understood and agreed that payment of this note and interest accrued thereon will, at the option of the Lender, be deducted from the proceeds of the sale of cattle described on **the accompanying security agreement**. . . .

> By presenting the loan proceeds for payment, debtor acknowledges and agrees to the terms and conditions of this document and **the related security agreement**. . . .

> I (We) agree to the terms of this Promissory Note. I (We) affirm that the proceeds of this loan will be used to finance cattle in Irsik & Doll yards and for no other purpose.

The 27 security agreements specified the collateral for the loans, which includes cattle owned by REI residing in Irsik & Doll's feed yards. A financing statement also specified the collateral for the loans.[1] Defendants Marvin Roberts and Sandra Roberts signed an unlimited continuing guaranty, guarantying all present and future debts accrued by REI to Irsik & Doll.

The 27 promissory notes do not contain a forum-selection clause. However, each security agreement does contain a forum-selection clause. In each of the 27 referenced security agreements, paragraph 20 reads as follows:

> 20. The law governing this secured transaction shall be that of the State of Kansas in force at the date of execution of this Agreement. The parties acknowledge, agree, and consent that any action arising out of or related to this Agreement shall be brought under the laws of the state of Kansas, and all parties hereby consent and submit to the jurisdiction of the courts of the State of Kansas. The parties further consent and agree that mandatory venue for any action arising out of or related to this Agreement shall be in Gray County, Kansas.

All 27 promissory notes either matured or were declared in default by Irsik & Doll by December 2015. Defendants have outstanding balances on each of the 27 notes. The unpaid balances add up to over four million dollars. Irsik & Doll, already in possession of the collateral since it resides in their feed yards, asserts that they have rightful ownership of the collateral and that the collateral is worth over two million dollars.

---

[1] The financing statement's description of the collateral is nearly identical to that of the security agreements. The differences are not relevant to the Court's analysis on the present motion.

Irsik & Doll filed suit in the District Court of Gray County, Kansas, in December 2015. Irsik & Doll specifies as defendants—jointly and severally—REI, Marvin Roberts, and Sandra Roberts. In its complaint, Irsik & Doll asks for judgment on the unpaid 27 promissory notes. Irsik & Doll also requests relief in the form of an order securing a right to the already possessed collateral.

Defendants removed the case to the U.S. District Court for the District of Kansas in January 2016. They filed a designation of place of trial the next day, designating the Wichita U.S. District Court. In February 2016, Irsik & Doll filed a Motion to Remand, which is now before the Court.

## II.       Legal Standard

If an action originally filed in state court could have been heard in federal court, it can be removed to federal court.[2] The federal court must have a statutory or constitutional authority to hear the case in order to satisfy its limited jurisdiction.[3] A federal court must remand the action to state court "if any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] Subject matter jurisdiction is established through (1) diversity jurisdiction or (2) federal-question jurisdiction.[5] Diversity jurisdiction requires that the amount in

---

[2] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[3] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

[4] 28 U.S.C. § 1447(c).

[5] *See* U.S. Const. art. III.; 28 U.S.C. §§ 1331–1332.

controversy claimed by each plaintiff exceeds $75,000 and that each defendant is a resident of a different state than each plaintiff.[6]

However, even if diversity jurisdiction is satisfied, a valid forum-selection clause in a contract may preclude a federal court from exercising jurisdiction if the parties have agreed in that clause to litigate elsewhere.[7] Forum-selection clauses are presumed prima facie valid and should be enforced unless unreasonable under the circumstances.[8] The party opposing enforcement has a heavy burden to show the provision itself is invalid.[9] This requires a showing of fraud, overreaching, or that enforcement would be unreasonable and unjust under the circumstances.[10] Even if enforceable, forum-selection clauses may merely be permissive and not mandatory if they only permissively grant jurisdiction at a venue rather than mandate one venue to the exclusion of others.[11] Ultimately, an enforceable and mandatory forum-selection clause that specifies that litigation must proceed in state court can prevent a federal court from exercising jurisdiction over a claim.[12]

### III.   Analysis

Diversity jurisdiction is satisfied because Irsik & Doll is a Kansas corporation, all Defendants are incorporated or reside in Arizona, and the amount in controversy exceeds

---

[6] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[7] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

[8] *Id.*

[9] *Id.* at 17, 19.

[10] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen*, 407 U.S. at 10, 15).

[11] *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).

[12] *Id.*

$75,000. However, Irsik & Doll has filed a motion to remand based on a forum-selection clause contained in the 27 security agreements that accompanied the 27 promissory notes. Defendants argue that (1) the forum-selection clause was not incorporated into the promissory notes so it does not apply to this action for indebtedness on the promissory notes; (2) the chosen forum does not bear a reasonable relationship to the transaction and is therefore unenforceable; (3) the wording of the chosen forum is broad enough to include this Court or is at least ambiguous and should be construed against the drafter; (4) the clause is permissive rather than mandatory; and (5) the clause only requires filing the case in Gray County, not continuing the case in Gray County.

Below, the Court addresses each argument, but as a preliminary matter, the Court initially must determine which law governs the application and interpretation of the 27 security agreements' clause concerning Gray County, Kansas. Because contracts designating a place of jurisdiction or venue may implicate both state substantive law and federal procedural law, courts have struggled with which law to apply, and the Tenth Circuit has not issued a definitive statement regarding the issue.[13] Each security agreement in this case provides that "[t]he law governing this secured transaction shall be that of the State of Kansas in force at the date of execution of this Agreement. The parties acknowledge, agree, and consent that any action arising out of or related to this Agreement shall be brought under the laws of the state of Kansas." But even when a choice-of-law clause provides that a particular state's substantive law governs the

---

[13] See *Excell*, 106 F.3d at 320-21 (listing approaches adopted by various courts); *K & V Sci. Co. v. BMW*, 314 F.3d 494, 497 n.4 (10th Cir. 2002) (accepting a district court's decision to use federal common law because parties did not object); *Excell*, 106 F.3d at 320 (declining to decide between the application of federal and state law because "no material discrepancies" existed between the two outcomes); *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997) (avoiding the matter altogether by finding that the provision at issue was not a "forum selection clause").

parties' agreement, federal procedural law generally governs the application of clauses designating a place of jurisdiction or venue under motions to dismiss, transfer, or remand.[14]

When confronted with a forum-selection clause and a substantive choice-of-law provision, courts in this circuit often apply federal procedural law to determine the effect of the forum-selection or jurisdiction-selection clause, especially when the outcome under state and federal law is consistent and when the parties agree that federal law governs.[15] Because the Court finds that no material difference would result from the application of either law, the Court will follow the trend in this circuit to apply federal procedural law in determining the application of the 27 security agreements' clause concerning Gray County, Kansas.

## A. Incorporation of Clause

Defendants first argue that remand is improper on the grounds that the forum-selection clause is unrelated to Irsik & Doll's present action for indebtedness on the promissory notes because the forum-selection clause was not incorporated into the promissory notes. Williston advises that, "[g]enerally, all writings which are part of the same transaction are interpreted together."[16] "A document, even one that is not contemporaneous, may be incorporated by

---

[14] *Johnson v. N. States Power Co.*, 2000 WL 1683658 at *3 (D. Kan. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988)) (holding that federal law, not state law, governs the application of a forum-selection clause despite a contractual choice-of-law provision stating that "[t]he validity, interpretation, construction, performance, enforcement and remedies of or relating to this Agreement, and the rights and obligations of [Energy Solutions] and [Plaintiff], shall be governed by the substantive laws of the State of Minnesota").

[15] *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 416 F. Supp.2d 1054, 1074 (D. Kan. 2006) (finding it unnecessary to decide between state and federal law when no material discrepancies existed between them); *Excell*, 106 F.3d at 320-21 (declining to choose between state law and federal common law in enforcing forum-selection clause where the parties did not discuss the issue and the court found no material discrepancies between the two); *Mozingo v. Trend Pers. Servs.*, 2011 WL 3794263 at *2 (D. Kan. 2011) (stating "[a] federal court determines the application of a forum selection clause under federal law"); *K & V Sci.*, 314 F.3d at 497 n.4 (accepting a district court's decision to use federal common law because parties did not object); *SBKC*, 105 F.3d at 581 (avoiding the matter altogether by finding that the provision at issue was not a "forum-selection clause").

[16] 11 Williston on Contracts § 30:25 (4th ed.) (citing federal law).

reference into a contract so long as 'the contract makes clear reference to the document and describes it in such terms that its identity may be ascertained beyond doubt.'"[17] Once incorporated, "[t]he incorporated matter is to be interpreted as part of the writing."[18]

The Tenth Circuit has found that a "Servicing Contract Supplement" and subsequent amendments were incorporated by reference into a contract when they were specifically identified.[19] The contract referred to

> the FNMA Home Mortgage Servicing Contract Supplement; and the FNMA Conventional Multifamily Servicing Contract Supplement. Such supplements, as published and distributed by FNMA, and as they shall exist and be amended or supplemented from time to time by FNMA, including all amendments and supplements thereto and all instruments succeeding or superseding the aforesaid supplements in whole or in part, in every form whatsoever, are collectively referred to in this Contract as the "Servicing Supplement."[20]

Conversely, the Tenth Circuit has found a specific list of debtor's equipment was not incorporated into an agreement because the agreement made no reference to the list.[21] The equipment was only vaguely referred to as "various equipment totaling $158,600.00 located at Haskel County, Oklahoma."[22]

---

[17] *Holmes v. Colo. Coal. for the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1210 n.13 (10th Cir. 2014) (citing 11 Williston on Contracts § 30:25 (4th ed.)).

[18] Williston § 30:25.

[19] *Armstrong v. Fed. Nat'l Mortg. Ass'n*, 796 F.2d 366, 371 (10th Cir. 1986); *Holmes*, 762 F.3d at 1210 n.13 (citing *Armstrong* for an example of a contract making clear reference to an identifiable document).

[20] *Armstrong*, 796 F.2d at 368.

[21] Pontchartrain State Bank v. Poulson, 684 F.2d 704, 706 (10th Cir. 1982); *Holmes*, 762 F.3d at 1210 n.13 (citing *Pontchartrain* for an example of a contract not making clear reference to an identifiable document).

[22] *Pontchartrain*, 684 F.2d at 706.

Here, Irsik & Doll and REI engaged in 27 transactions. For each transaction, both a promissory note and security agreement were executed on or about the same day to govern the same loan. Each promissory note and its corresponding security agreement are clearly part of the same transaction. Therefore, each pair of documents should be interpreted together.

Additionally, each promissory note incorporates its corresponding security agreement by making clear reference to the security agreement several times, describing it in such terms that its identity may be ascertained beyond doubt.

> This note is secured by a Security Agreement . . . . It is understood and agreed that payment of this note and interest accrued thereon will, at the option of the Lender, be deducted from the proceeds of the sale of cattle described on the accompanying security agreement. . . . By presenting the loan proceeds for payment, debtor acknowledges and agrees to the terms and conditions of this document and the related security agreement.

Each note describes its security agreement as the one "accompanying" the note and makes even clearer the relationship between the documents by describing the security agreement as the "related" security agreement. Not just a few, but all of the "terms and conditions" of the security agreement are referred to. Therefore, the documents are incorporated, and each security agreement is to be interpreted as part of its corresponding promissory note.

## B.  Activation of Clause

The forum-selection clause is incorporated into the promissory notes, but the court must still determine if it applies to Irsik & Doll's claims. The forum-selection clause in the security agreements states, "[t]he parties further consent and agree that mandatory venue for any action arising out of or related to this Agreement shall be in Gray County, Kansas." To determine

whether this clause applies to the present action, the Court must determine, then, if the present action arises out of or is related to the security agreements.

The present action includes two types of claims by Irsik & Doll. One type includes the 27 claims for indebtedness on promissory notes. The second type of claim includes Irsik & Doll's claim to a right to the already possessed collateral.

The forum-selection clause applies to the first type of claim, the claims for indebtedness on promissory notes. When one document incorporates another document, the two documents are "related."[23] So the promissory notes are "related to" the security agreements. Defendants have even agreed that the promissory notes are "related" to the security agreements. The 27 promissory notes—the terms of which Defendants agreed to—each refer to their corresponding security agreement as "the **related** security agreement" (emphasis added). Any claims arising out of these promissory notes would be actions "related to" their corresponding security agreements.[24] The forum-selection clause applies, then, to Irsik & Doll's claims of indebtedness on the 27 promissory notes.

The forum-selection clause also applies to the second type of claim, Irsik & Doll's claim to a right to the collateral. The collateral is specified in the security agreements themselves. Irsik & Doll's request for an order securing their right to the collateral therefore directly "arises out of" the security agreements, so the forum-selection clause applies here too.[25]

---

[23] *See Foodbrands Supply Chain Servs., Inc. v. Terracon Inc.*, 2003 WL 23484633 at *2, *5 (D. Kan. 2003) (finding a contract dispute to be governed by an arbitration clause in a separate contract incorporated by the first contract when the clause stated "[a]ny controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration").

[24] *See P & P Indus. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (saying that all claims with a significant relationship to the agreement arise out of and are related to the agreement);

[25] *Id.*

-10-

Thus, the forum-selection clause applies to all claims in the present action.

## C. Enforceability of Clause

Although the forum-selection clause applies to the claims in this case, Defendants suggest that the forum-selection clause should not be enforced because the chosen forum of Gray County, Kansas, does not bear a reasonable relationship to the transaction. Forum-selection clauses are presumed prima facie valid and should be enforced unless unreasonable under the circumstances.[26] The party opposing enforcement has a heavy burden to show the provision itself is invalid.[27] This requires a showing of fraud, overreaching, or that enforcement would be unreasonable and unjust under the circumstances.[28]

One way of showing the enforcement of the clause to be unreasonable and unjust under the circumstances is showing that the chosen forum lacks a reasonable relationship to the transaction governed.[29] Forum selection clauses are not enforceable when the parties have no connection to the chosen forum.[30] A reasonable relationship can be established simply by one party residing within the jurisdiction of the chosen forum.[31] A reasonable relationship can also be

---

[26] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

[27] *Id.* at 17, 19.

[28] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen*, 407 U.S. at 10, 15).

[29] *See In re Marriage of Yount & Hulse*, 34 Kan. App. 2d 660, 666, 122 P.3d 1175, 1179 (2005).

[30] *Id.* (finding no reasonable relationship to the chosen county when the district court had made factual findings that the parties had no connection to that county).

[31] *Vanier v. Ponsoldt*, 251 Kan. 88, 101, 833 P.2d 949, 959 (1992) (finding a reasonable relationship when the chosen county was the home of one of the parties to the contract).

established by other details of the transaction, such as the location where the contract was signed.[32]

Although Defendants do not explicitly challenge the reasonable relationship of the chosen forum to the transaction, they imply such a challenge when they contest Irsik & Doll's statement that "[t]he forum of Kansas State Court in Gray County, Kansas, was selected because it is the location of the performance of Defendant's contracts." Defendants argue that "the underlying services governed by the contract" are, in fact, to be performed on feed yards in four counties, not just on feed yards in Gray County. However, as discussed above, the reasonable relationship test does not require any contractual duties at all to be performed within the geographical boundaries of the chosen forum. The Court finds the chosen forum of Gray County bears a reasonable relationship to the transaction because Irsik & Doll has feed yards in Gray County, REI used the loans to finance cattle on feed yards in Gray County, the loans were made in Gray County, the loans were to be repaid in Gray County, and the records supporting the loans are in Gray County. These facts are more than sufficient to establish the reasonable relationship of the chosen forum to the transaction. The Court will enforce the forum-selection clause.

## D.  Scope of Chosen Forum

Faced with an enforceable forum-selection clause, Defendants also contend that the wording of the chosen forum is broad enough to include this Court. Defendants say the U.S. District Court for the District of Kansas is one of the "courts of the State of Kansas." Defendants also argue that this Court, residing in Sedgwick County, counts as a venue "in Gray County,

---

[32] *Aylward v. Dar Ran Furniture Indus.*, 32 Kan. App. 2d 697, 700, 87 P.3d 341, 344 (2004) (finding a reasonable relationship to North Carolina when a company located in North Carolina was a party to the contract and the contract was signed in North Carolina).

Kansas." At the very least, Defendants maintain, the wording is ambiguous and should be construed against the drafter, Irsik & Doll.

A waiver of the statutory right to remove a case from a state to a federal court must be "clear and unequivocal."[33] The Sixth Circuit addressed a clause that required that disputes be litigated "in courts in the State of Ohio."[34] They found that "[s]ince the federal district court for the Northern District of Ohio is unquestionably a court 'in the State of Ohio,' the forum selection clause is not limited to Ohio state courts."[35]

In *American Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, the Tenth Circuit determined that a forum-selection clause did not contemplate federal courts when it said "the Courts of the State of Colorado . . . shall be the exclusive forum."[36] The court considered the issue

> as a question of sovereignty versus geography. If the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty. If, on the other hand, it encompasses Colorado state courts and the federal court sitting in the State of Colorado, it is a term of geography.[37]

Applying this principle to the clause before the court, the court determined that

> the federal court located in Colorado is not a court *of* the State of Colorado but rather a court *of* the *United States of America*. In other words, the contract language at issue refers to sovereignty rather than geography. Although located in the various states, the U.S. district courts "indisputably proceed from, and find

---

[33] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir 1992).

[34] *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992).

[35] *Id.*

[36] *American Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005).

[37] *Id.* at 925.

their origin in, the federal government," not in the governments of the states in which they are located.[38]

If the contract describes the forum using counties, such wording can strongly point to state court.[39] In *Milk 'N' More, Inc. v. Beavert*, the court said a "provision that 'venue shall be proper under this agreement in Johnson County, Kansas' seems reasonably clear and the wording strongly points to the state court of that county."[40] This Court has found, in *Double A Home Care, Inc. v. Epsilon Sys., Inc.,* that the phrase "action shall be venued in the County of Ramsey, State of Minnesota" means exclusively state courts.[41] Similarly, in *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, a clause that read "venue shall lie in the County of El Paso, Colorado" did not include federal courts.[42] The court wrote:

> Although Sterling argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts."[43]

In the instant case, the relevant clause says that "all parties hereby consent and submit to the jurisdiction of the courts of the State of Kansas. The parties further consent and agree that mandatory venue for any action arising out of or related to this Agreement shall be in Gray County, Kansas." Defendants argue that the wording of the chosen forum is broad enough to

---

[38] *Id.* at 926 (citation omitted).

[39] *Milk 'N' More,* 963 F.2d at 1346.

[40] *Id.*

[41] *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F. Supp.2d 1114, 1116 (D. Kan. 1998).

[42] *Excell*, 106 F.3d at 321.

[43] *Id.*

include this court. Defendants say the U.S. District Court for the District of Kansas is one of the "courts of the State of Kansas." The Court disagrees. As articulated in *American Soda*, this Court is "in" the State of Kansas, but is not a court "of" the State of Kansas. This Court, rather, is a court of the United States of America.

Defendants also argue that this Court counts as a venue "in Gray County, Kansas." Defendants insist that "the proper venue for a case brought in federal court that arises out of Gray County is the Wichita Division for the District of Kansas." But Defendants' argument misconstrues how cases proceed in the U.S. District Court for the District of Kansas. Although Defendants once cited the appropriate rules, Local Rules 40.2 and 81.1, in their notice of removal, they rather oddly have switched tactics. They now rely on Local Rule 38.1, titled "Random Selection of Grand and Petit Jurors," in their memorandum on the present motion. Defendants do not indicate the part of the rule they find relevant, but presumably they refer to subpart (a). Defendants seem to be misreading the heading to this subpart, which reads "Places for Holding Court and Designation of Counties."[44] The actual text of the subpart itself says:

> The counties designated as constituting each jury division are as follows: . . .
>
> (2) Wichita - Hutchinson Division. Butler, Cowley, Harper, Harvey, Kingman, Marion, McPherson, Reno, Rice, Sedgwick, and Sumner. . . .
>
> (4) Dodge City Division. Barber, Barton, Clark, Comanche, Edwards, Finney, Ford, Grant, *Gray*, Greeley, Hamilton, Haskell, Hodgeman, Kearney, Kiowa, Lane, Meade, Morton, Ness, Pawnee, Pratt, Rush, Scott, Seward, Stafford, Stanton, Stevens, and Wichita.[45]

---

[44] D. Kan. Rule 38.1.

[45] *Id.* (emphasis added).

This subpart only specifies the counties that compose the jury pools for each of the six divisions of this District Court. The heading "Places for Holding Court and Designation of Counties" refers to the relationship between the places for holding court and the counties composing the respective juror pools. That is, if the place for holding court is that of the Dodge City Division, then the juror pool includes the residents of Gray County. Quite contrary to Defendants' assertion, this rule has nothing at all to do with where cases should be filed or litigated.

Defendants also cite without explanation the FAQs section of the district's website. Defendants do not indicate which part of the FAQs is relevant, but presumably they refer to the following question taken from the "Jury Information – General" section:

Q: What are the boundaries for the state of Kansas?

A: The United States District Court for the District of Kansas is comprised of six divisions located in three courts, namely the Kansas City U.S. District Court, the Topeka U.S. District Court, and the Wichita U.S. District Court. . . .

Wichita U.S. District Court: Wichita-Hutchinson Division and Dodge City Division

The Wichita-Hutchinson Division is comprised of the counties of Butler, Cowley, Harper, Harvey, Kingman, Marion, McPherson, Reno, Rice, Sedgwick, and Sumner. The Dodge City Division is comprised of the counties of Barber, Barton, Clark, Comanche, Edwards, Finney, Ford, Grant, *Gray*, Greeley, Hamilton, Haskell, Hodgeman, Kearney, Kiowa, Lane, Meade, Morton, Ness, Pawnee, Pratt, Rush, Scott, Seward, Stafford, Stanton, Stevens, and Wichita.[46]

---

[46] U.S. District Court for the District of Kansas, *FAQs*, http://www.ksd.circ10.dcn/faqs/ (last visited June 9, 2016) (emphasis added).

This shows that the formal boundaries of the Wichita U.S. District Court include Gray County for purposes of jury selection. This can be seen perhaps more clearly in another question in the FAQs:

> Q: Where do I report?
>
> A: Generally, petit jurors will only be asked to travel to the city in which the division holds court. . . . Grand jurors summoned to report in the Wichita Division will be drawn from the Wichita Division and the Dodge City Division.[47]

Both Local Rule 38.1 and these parts of the FAQs show only that residents of Gray County are included in the juror pool for the Wichita U.S. District Court.

To remedy the misplaced claim that the Wichita U.S. District Court "acts as the federal court for Gray County," the court would begin by directing the Defendants to the very FAQs they cited earlier:

> Q: Where can I file my lawsuit and file other court papers?
>
> A: The clerk's office has three locations in the District of Kansas: Kansas City, Topeka, and Wichita. Pleadings for any District of Kansas case may be filed *at any of these offices.*[48]

As seen, new cases may be filed at any clerk's office for the District of Kansas. Parties removing a case to this district from state court, however, must file in the clerk's office specified by Local Rule 81.1(b), which specifies that:

> Except in cases removed by the United States, notices of removal must be filed in the following record offices of the clerk of the court: . . .

---

[47] *Id.*

[48] *Id.* (emphasis added).

(3) In Wichita - cases from the state court of the Ninth, Thirteenth, Fourteenth, Fifteenth, *Sixteenth*, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-third, Twenty-fourth, Twenty-fifth, Twenty-sixth, Twenty-seventh, or Thirtieth Judicial Districts of Kansas.[49]

Gray County is in Kansas' Sixteenth Judicial District. Therefore, parties removing a case from Gray County must file a notice of removal in the Wichita clerk's office, as Defendants properly did. This is a filing requirement only. Local Rule 40.2 allows a party filing a new case or filing a notice of removal to request venue in any of the three cities that have a clerk's office for this district.[50]

Although Defendants insist that "the proper venue for a case brought in federal court that arises out of Gray County is the Wichita Division for the District of Kansas" (citing the inapposite rule 38.1), this court is not automatically the proper venue for federal cases arising out of Gray County. Cases arising out of Gray County are not required to be litigated in the Wichita U.S. District Court and they are not even normally required to be filed with the Wichita U.S. District Court. Cases arising out of Gray County are only required to be filed in the Wichita U.S. District Court if first filed in the Gray County District Court of Kansas and later remanded to federal court.

Similar to *Milk 'N' More*, *Double A Home Care*, and *Excell*, the language "venue . . . shall be in Gray County, Kansas," specifies state court, not federal court. Defendants have not shown any reasonable way in which "venue . . . shall be in Gray County" could contemplate this federal court. The Court finds this language unambiguously refers to the Gray County District Court of Kansas.

---

[49] D. Kan. Rule 81.1(b).

[50] D. Kan. Rule 40.2.

### E.  Permissiveness of Clause

The forum-selection clause specifically designates the Gray County District Court, but Defendants insist in the alternative that the clause is merely permissive rather than mandatory. Forum-selection clauses can be classified as either mandatory or permissive.[51] "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."[52] "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."[53] When a forum-selection clause specifies a venue by naming a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, courts generally enforce the clause as mandatory.[54] However, "[w]here the forum-selection clause only specifies jurisdiction, the clause generally is not mandatory absent some further language indicating the parties' intent to make venue exclusive."[55]

"[T]he controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others."[56] "The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made."[57] When the

---

[51] *K & V Sci.*, 314 F.3d at 498.

[52] *Excell*, 106 F.3d at 321.

[53] *Id.*

[54] *American Soda*, 428 F.3d at 927 (citation and footnote omitted).

[55] *TH Agric.*, 416 F. Supp.2d at 1074 (citing *K & V Sci.*, 314 F.3d at 499).

[56] *SBKC*, 105 F.3d at 582.

[57] *Milk 'N' More*, 963 F.2d at 1346.

word "shall" is used, the context must also support the clause being mandatory; this can be done, for example, through other language indicating exclusivity such as "exclusive," "sole," or "only."[58]

Examples of mandatory forum-selection clauses include the following (with emphases added):

- "the Courts of the State of Colorado . . . **shall be** the **exclusive forum.**"[59]

- "Jurisdiction **shall be** in the State of Colorado, and venue **shall lie** in the County of El Paso, Colorado."[60]

- "Rockwall County, Texas is **exclusively** where venue will lie."[61]

- "venue . . . **shall lie only** in the Seller's state and county."[62]

- "The **sole and exclusive** jurisdiction . . . **shall be** the United States District Court, Northern District of Illinois, Eastern Division."[63]

- "jurisdiction and venue . . . **shall lie exclusively** in the state of Kansas District Court of Sedgwick County, Kansas."[64]

---

[58] *Thompson v. Titus Transp., LP*, 2012 WL 5933075 at *5 (D. Kan. 2012) (citing *K & V Sci.*, 314 F.3d at 500).

[59] *American Soda*, 428 F.3d at 924.

[60] *Excell*, 106 F.3d at 321.

[61] *Mozingo v. Trend Pers. Servs.*, 2011 WL 3794263 at *2 (D. Kan. 2011).

[62] *Vanier*, 251 Kan. at 94, 833 P.2d at 955.

[63] *Home Basket Co. v. Pampered Chef, Ltd.*, 2005 WL 82136 at *5 (D. Kan. 2005).

[64] *High Plains Publishers, Inc. v. Lando Partners, Inc.*, 2012 WL 5995565 at *2 (D. Kan. 2012).

Examples of forum-selection clauses permissively granting jurisdiction include the following (with emphases added):

- "an action **may** be maintained in the State of Kansas and the County of Wyandotte"[65]

- "Jurisdiction for . . . disputes . . . is Munich."[66]

- "jurisdiction and venue of any action . . . **shall properly lie** in the Circuit Court of the Thirteenth Judicial Circuit [or] the United States District Court for the Middle District of Florida, Tampa Division."[67] (Although both courts specified are in Florida, a party was allowed to bring suit in Kansas courts.[68])

- "All sums due and payable and all rights enforceable hereunder, **shall be** . . . enforceable in Denton County, Texas."[69]

- "[Disputes are] subject to the law of the Netherlands. Each party agrees to submit to the jurisdiction of any court of competent jurisdiction within The Netherlands and to comply with all requirements necessary to give such Court jurisdiction. All matters arising hereunder **shall be** determined in accordance with the law and practice of such Court."[70]

---

[65] *SBKC*, 105 F.3d at 580.

[66] *K & V Sci.*, 314 F.3d at 496.

[67] *Thompson v. Founders Grp. Int'l, Inc.*, 20 Kan. App. 2d 261, 262, 886 P.2d 904, 906 (1994).

[68] *Id.* at 271, 886 P.2d at 911.

[69] *Titus Transp.*, 2012 WL 5933075 at *4.

[70] *TH Agric.*, 416 F. Supp.2d at 1074-75, 1079 (finding the clause permissive under federal and Kansas law, although it was deemed to be mandatory under Dutch law).

- "Franchise Owner stipulates that the courts of the State of Michigan **shall have** personal jurisdiction over its person, that it **shall submit** to such personal jurisdiction, and that venue is proper in Michigan."[71]

Here, the clause reads "mandatory venue for any action . . . shall be in Gray County, Kansas." As already discussed, a specific venue is clearly specified—that is, the Gray County District Court of Kansas. The word "shall" is used and the additional language "mandatory venue" strongly supports exclusivity. Thus, the Court finds the instant clause mandatory and not merely permissive.

## F.  Scope of Actions Required

The forum-selection clause is mandatory, but Defendants conjure up the idea that the forum-selection clause only mandates filing in the Gray County District Court, not continuing litigation there. Defendants argue that *Glass v. Ocwen Loan Servicing, LLC* applies to this case. In *Glass*, the forum-selection clause stated that "[a]ny subsequent litigation arising under this agreement must be filed in the Reno County District Court."[72] This Court ruled that the language "must be filed in the Reno County District Court" only required filing in the Reno County District Court, and did not preclude removal after the case had been filed there.[73] The clause in this case, however, does not only require filing, but says clearly that "mandatory venue," not just

---

[71] *Founders Group*, 20 Kan. App. 2d at 269, 886 P.2d at 910 (citing *Utah Pizza Serv. v. Heigel*, 784 F. Supp. 835, 837 (D. Utah 1992)).

[72] *Glass v. Ocwen Loan Servicing, LLC*, 2015 WL 4647905 at *2 (D. Kan. 2015).

[73] *Id.*

mandatory filing, "shall be in Gray County, Kansas." Therefore, the case must remain in Gray County.

### IV.     Conclusion

The forum-selection clause was incorporated into the promissory notes, and it applies to all claims in the present action. The chosen forum of Gray County, Kansas, bears a reasonable relationship to the transaction and will be enforced by this Court. The forum-selection clause unambiguously refers to the Gray County District Court of Kansas, not to this Court. This clause does not permissively grant jurisdiction, but is mandatory. It mandates not only filing in the Gray County District Court of Kansas, but mandates the Gray County District Court of Kansas as the venue for litigation.

**IT IS THEREFORE ORDERED** that Irsik & Doll's Motion to Remand (Doc. 11) is hereby **GRANTED.**

**IT IS SO ORDERED**.

Dated this 20th day of June, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE